UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:11-CR-191-SEB-KPF-03 |
| | ) | 1:12-CR-23-SEB-KPF-01 |
| JOHN REX POWELL | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by counsel, Joseph H. Hogsett, United

States Attorney for the Southern District of Indiana, and Paul J. Fishman,

United States Attorney for the District of New Jersey, and Steven DeBrota,

Senior Litigation Counsel, and A. Brant Cook, and Shirley U. Emehelu,

Assistant United States Attorneys, and the defendant, JOHN REX POWELL in

person and by counsel, Kathleen M. Sweeney and Charles Hayes, hereby

inform the Court that a Plea Agreement has been reached in this cause

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).   The following are

its terms and conditions:

1.   **Plea of Guilty to Count 1 in <u>US v Edwards</u> et al**:   The defendant

will plead guilty to Count 1 of the Superseding Indictment in <u>United States v</u>

<u>Edwards</u> et al, Cause Number 1:11-CR-191-SEB-KPF-03, for engaging in a

child pornography enterprise, in violation of 18 U.S.C. §2252A(g)(2)(hereinafter

the "<u>Edwards</u> case").   He will further agree to amend the Superseding

Indictment in the <u>Edwards</u> case to list his name in place of John Doe Number 3 as presently indicted.

    A.    **Potential Penalties**: Count 1 may be punished by a term of imprisonment of between twenty (20) years and up to the life of the defendant, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least five (5) years and up to the life of the defendant.

    B.    **Elements of Count 1**: To sustain the offense charged in Count 1 of the <u>Edwards</u> case, the government must prove the following propositions beyond a reasonable doubt:   (1) that the defendant knowingly distributed and received child pornography; (2) that the distribution and receipt of the child pornography took place in three or more separate incidents; (3) that the child pornography was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; (4) that the distribution and receipt of child pornography involved more than one victim; and (5) that the defendant committed these offenses in concert with three or more other persons.

    2.    **Plea of Guilty to Count 1 in <u>US v Powell</u> et al:**   The defendant will plead guilty to Count 1 of the Indictment in <u>United States v Powell</u> et al, Cause Number 1:12-CR-23-SEB-KPF-01, which charges that he conspired with Peter Truong, Mark Newton, and other persons to sexually exploit a minor

2

("Boy 1"), in violation of 18 U.S.C. §§2251(a) and (e) (hereinafter the "Powell case").

    A.    **Potential Penalties for Count 1**: This offense may be punished by a term of imprisonment of between fifteen (15) and thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least five (5) years and up to the life of the defendant.

    B.    **Elements of Count 1**:   To sustain the offense charged in Count 1 of the Powell case, the government must prove the following propositions beyond a reasonable doubt: (1) the defendant conspired with another person to employ, use, persuade, induce, entice, or coerce a minor ("Boy 1"); (2) to engage in sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2);   (3) for the purpose of producing any visual depictions of such conduct; and (4) while knowing or having reasons to know that such visual depictions (i) would be transported in interstate or foreign commerce or mailed, (ii) were produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including a computer, or (iii) were actually transported in interstate or foreign commerce or mailed.

    3.    **Plea of Guilty to an Information under Rule 20:**   The defendant agrees to waive indictment by the grand jury and plead guilty under Federal

Rule of Criminal Procedure 20 to Count 1 to an Information to be filed in the District of New Jersey, which will charge that he and Rick Leon conspired to sexually exploit a minor ("Boy 2"), in violation of 18 U.S.C. §§2251(a) and (e) (hereinafter the "New Jersey case").

A. **Potential Penalties for Count 1**: This offense may be punished by a term of imprisonment of between fifteen (15) and thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least five (5) years and up to the life of the defendant.

B. **Elements of Count 1**:   To sustain the offense charged in Count 1 of the Information in the New Jersey case, the government must prove the following propositions beyond a reasonable doubt: (1) the defendant conspired with another person to employ, use, persuade, induce, entice, or coerce a minor (Boy 2); (2) to engage in sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2);   (3) for the purpose of producing any visual depictions of such conduct; and (4) while knowing or having reasons to know that such visual depictions (i) would be transported in interstate or foreign commerce or mailed, (ii) were produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including a computer, or (iii) were actually transported in interstate or foreign commerce or mailed.

## GENERAL PROVISIONS

4.      The defendant acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the parties have agreed upon the specific sentencing range set forth in this Plea Agreement. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement.   If the Court rejects the Plea Agreement, then either party may withdraw from this Plea Agreement.

5.      The defendant understands that this Plea Agreement is based upon the information presently known to the undersigned United States Attorneys.

## SPECIFIC PROVISIONS

6.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** If the defendant fully complies with the terms of this Plea Agreement, including, but not limited to, the Cooperation terms listed in Paragraphs 14 through 19, then the government and the defendant agree as follows:

A.      The Court should sentence the defendant to a term of imprisonment of between twenty (20) and thirty (30) years.   Each party is free to recommend a specific sentence within this range.

B.      If the government files a motion under U.S.S.G. §5K1.1 as stated in Paragraph 20 below, then the government will recommend that the

Court impose a sentence falling within the resulting advisory sentencing range determined by the Court.

C.   The Court should impose a term of supervised release following the term of imprisonment to last for the remainder of the defendant's life.

7.   **Remedy for Violation of Plea Agreement Terms:** If the Court finds that the defendant has violated the Cooperation terms listed in Paragraphs 14 through 19, then as a remedy for such violation, the Court may impose a sentence of between twenty (20) years and up to the life of the defendant.   Each party would be free to recommend a specific sentence within this range.

8.   **Special Conditions of Supervised Release:**   The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case.   The parties understand and agree that these recommended Special Conditions are **not binding** upon the Court if it accepts this Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case.   The parties also recognize that the Court has the authority to modify terms of supervised release as provided in 18 U.S.C. § 3583.

A.   The defendant shall not possess any obscenity, pornography, erotica, or nude images.   Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

B.   The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer.   The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

C.   The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer.   In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his convictions in these cases and the fact that he is under supervision.   If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D.   The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, including

the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. §16901, *et seq.*

E.    The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary.   The defendant shall submit to the seizure of contraband found by the probation officer.   The defendant shall warn other occupants the premises may be subject to searches.

F.    The defendant shall provide a DNA sample as directed by the probation officer.

G.    The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use.   Monitoring will occur on a random and/or regular basis.   The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

9.    **Fine:**   The parties reserve the right to present evidence and arguments concerning the amount of any fine.   The defendant understands that the amount and payment terms of any fine will be determined by the Court.

10.   **Restitution:**   The parties understand that federal law requires mandatory restitution for the offenses listed above.   The parties reserve the right to present evidence and arguments concerning the amount of any restitution.   The defendant understands that the amount and payment terms of restitution will be determined by the Court.

11.   **Special Assessment:**   The defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $300, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to 18 U.S.C. §3013.

12.   **Waiver of Appeal:**   The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.   Acknowledging this right, and in exchange for the concessions made by the government in this Plea Agreement, he agrees that in the event the Court accepts this Plea Agreement under Rule 11(c)(1)(C) and sentences him accordingly to all terms of this Plea Agreement, regardless of how the sentence is calculated by the Court, then he expressly waives his right to appeal the conviction and any sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. §3742. Additionally, he also expressly agrees not to contest his conviction or sentence or the manner in which it was determined in any collateral attack, including,

but not limited to, an action brought under 28 U.S.C. §2255.   This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the terms of the supervised release and the amount and payment terms of any restitution, fine or forfeiture.

13.   **Forfeiture:**   The defendant hereby abandons all right, title and interest in all personal property seized by any authorities during the search of his residence and property, including, but not limited to, computer equipment, cameras, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity.   The defendant acknowledges that all of the property to be forfeited constituted proceeds of the offenses to which he is pleading guilty and was used or intended to be used in the production, transportation, distribution, receipt and possession of child pornography.   Therefore, the defendant agrees that this property is subject to forfeiture pursuant to 18 U.S.C. §§2253 and 2254.   He further agrees not to contest any forfeiture action brought against the funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of any of the seized personal property by any federal, state or local law enforcement agency.

14.   **Cooperation**: The defendant agrees to cooperate with the United States Attorneys for the Southern District of Indiana and the District of New

Jersey, including, but not limited to, providing complete, total, and truthful debriefings and interviews concerning any and all information regarding his involvement and that of others in the commission of any criminal offenses, without restriction to any charges presently pending against him.   The defendant also agrees to provide complete, total, and truthful testimony before grand juries and at trials, as considered necessary by the United States Attorneys for the Southern District of Indiana and the District of New Jersey, concerning any and all information provided by him during the course of his debriefings.

15.   **Extent of Cooperation**:   This cooperation agreement extends beyond the Southern District of Indiana and the District of New Jersey to the extent any other judicial district agrees to accept the terms of this Plea Agreement.   If the defendant has not completed his cooperation at the time of sentencing, he recognizes that he has a continuing obligation to cooperate thereafter.   If at any time before or after sentencing the defendant refuses to fulfill his obligations to truthfully and completely cooperate as required by this Plea Agreement, then the defendant recognizes that the government will consider that a breach of the Plea Agreement.

16.   **Use of Cooperation Information Against Defendant**:   The United States Attorneys for the Southern District of Indiana and the District of New Jersey agree that the complete and truthful information and testimony the defendant provides after the signing of this Plea Agreement will not be used to

bring additional criminal charges against him in these districts beyond those alleged in the Edwards case, the Powell case and the New Jersey case, and described in this Plea Agreement, with the following three exceptions:

1)     The government may use the defendant's information and testimony to prove the charges listed above in Paragraphs 1, 2 and 3.

2)     If the defendant were to testify falsely at any grand jury proceeding or trial, or make a false statement to a law enforcement officer, then the government may use the defendant's information and testimony to prosecute the defendant for making false statements, obstruction, or perjury, whichever is appropriate.

3)     The government may use the defendant's information and testimony to prosecute the defendant for any conduct or action constituting a crime of violence under federal or state law (other than trafficking in child pornography), including the offenses listed in Chapters 77, 109A and 110 of the United States Code.

The defendant agrees that other judicial districts may accept the terms of this Plea Agreement and require him to cooperate with those districts under the same terms as those specified in this Plea Agreement.   The defendant understands that any judicial district that decides not to be become a party to this Plea Agreement will not be bound by this Plea Agreement.

17.    **Use of Information at Sentencing**:   The government agrees that any self-incriminating information the defendant might provide as a result of

the cooperation required by the Plea Agreement, although available to the Court, will not be used against him in determining his sentence.   The defendant understands that any information given by him as a result of the cooperation required by the terms of this Plea Agreement may be referred to by the presentence report preparer as an indication of his acceptance of responsibility and may be referred to as his version of the events leading to the charges.   Pursuant to U.S.S.G. §1B1.8, the provisions of this paragraph shall not be applied to restrict any such information: 1) that was known to the undersigned government counsel before the dates of his proffer session and related Proffer Agreements (see below); 2) that concerns the existence of prior convictions and sentences in determining defendant's criminal history category and related issues; 3) that is used in a prosecution for perjury, obstruction, or giving a false statement; or 4) that is used in the event there is a breach of the cooperation provisions of this Plea Agreement.

18.   **Proffer Agreements**:   Nothing in this Plea Agreement supersedes or removes any provision or protection contained in the defendant's Proffer Agreements dated March 9, 2012, and March 14, 2012, including the government's ability to use the information derived directly or indirectly from the proffer session meeting in the event of a breach or a rejection of the plea agreement.

19.   **Public Use of Information**: The defendant also agrees that the government may use any video or audio recorded statements and interviews

provided as part of his cooperation for any purpose not inconsistent with other term of this Plea Agreement, including:1) crime prevention classes and lectures; 2) public education materials; 3) law enforcement education and training; or 4) any other purpose.

20.   **Substantial Assistance Departure under U.S.S.G. §5K1.1**:   If the defendant continues to cooperate as set forth in Paragraphs 14 through 19 above, the government will file a motion prior to sentencing pursuant to U.S.S.G. §5K1.1 seeking a reduction not to exceed six (6) levels in the offense level if the government determines that the defendant's cooperation with law enforcement authorities provided information that was of substantial assistance in the investigation and prosecution of another person who has committed a criminal offense.

21.   **Obligation to Pay Financial Component of Sentence**:   If the defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that he has a continuing obligation to pay the financial component of his sentence.   He further agrees that as of the date of filing this Plea Agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to him for use in the collection of any fines and restitution imposed by the Court.

22.     **No further charges:** The United States Attorneys for the Southern District of Indiana and the District of New Jersey agree not to bring any further charges against the defendant for his presently known transportation, distribution, receipt and possession of child pornography offenses or other violation of Chapter 110 of the United States Code, which he committed prior to his arrest on the charges alleged in the above-entitled action, <u>provided that</u> the Court accepts this Plea Agreement and sentences the defendant as described above.   This provision does not restrict the right of these United States Attorneys to bring any other charges against the defendant for any undisclosed or unknown criminal offenses, any crime of violence or any sex offense, if the defendant has committed any such offenses prior to this Plea Agreement or commits such offenses in the future.   Finally, if the Court rejects this Plea Agreement, or imposes a different sentence, then these United States Attorneys will not be bound by this Plea Agreement in any way and may seek to bring any additional charges.

23.     **Delayed Sentencing Request:**   The parties intend to request the Court to continue the sentencing in this matter until after the trial of any codefendants and any related cases.   This will allow the Court to fully consider whether the defendant's cooperation to that point was truthful and complete before imposing sentence.   The defendant waives any potential challenges to his prosecution arising from this delay and he recognizes that the delay will not

prejudice his ability to answer the charges in this case or present any sentencing arguments.

24.    **Dismissal of Counts:**   After sentencing in this matter, and in exchange for the concessions made by the government in this Plea Agreement and the Cooperation terms listed in Paragraphs 14 through 19, the government will move to dismiss Count 2 in the <u>Edwards</u> case and Counts 2 through 6 in the <u>Powell</u> case.

## SENTENCING GUIDELINES STIPULATIONS

25.    Pursuant to U.S.S.G. §6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.   The parties understand and agree that these Stipulations are binding on the parties, but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case.   The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

26.    <u>Child Pornography Enterprise (Edwards Case)</u>

A.    The base offense level for a child pornography enterprise offense is thirty-five (35). U.S.S.G. §2G2.6(a).

B.    The parties agree that the enterprise offense involved victims who had not yet attained the age of twelve (12) years.   For this reason, four (4) levels should be added under U.S.S.G. §2G2.6(b)(1).

C.    The parties agree that a computer or interactive computer service

was used in furtherance of the offense.   For this reason, two (2)

levels should be added under U.S.S.G. §2G2.6(b)(4).

D.    Based upon these stipulations, the <u>Edwards</u> case carries a total

offense level of forty-one (41).

27.    <u>Conspiracy to Sexually Exploit a Minor</u> (<u>Powell</u> case)

A.    The base offense level for conspiring to sexually exploit a minor is

thirty-two (32). U.S.S.G. §2G2.1(a).

B.    The parties agree that the conspiracy offenses involved a minor

victim who has not yet attained the age of twelve (12) years (Boy 1).

For this reason, four (4) levels should be added under U.S.S.G.

§2G2.1(b)(1).

C.    The parties agree that the commission of the offense involved a

sexual act or sexual contact.   For this reason, two (2) levels should

be added under U.S.S.G. §2G2.1(b)(2).

D.    The parties agree that the offense involved distribution of child

pornography involving Boy 1 to other persons.   For this reason,

two (2) levels should be added under U.S.S.G. §2G2.1(b)(3) for this

offense.

E.    Based upon these stipulations, the <u>Powell</u> case carries a total

offense level of forty (40).

28.    <u>Conspiracy to Sexually Exploit a Minor</u> (New Jersey Case)

A.    The base offense level for conspiring to sexually exploit a minor is thirty-two (32). U.S.S.G. §2G2.1(a).

B.    The parties agree that the conspiracy offenses involved a minor victim who has not yet attained the age of twelve (12) years (Boy 2). For this reason, four (4) levels should be added under U.S.S.G. §2G2.1(b)(1).

C.    The parties agree that the commission of the offense involved a sexual act or sexual contact.   For this reason, two (2) levels should be added under U.S.S.G. §2G2.1(b)(2).

D.    The parties agree that the defendant distributed child pornography involving Boy 1 to another person.   For this reason, two (2) levels should be added under U.S.S.G. §2G2.1(b)(3) for this offense.

E.    The parties agree that the defendant was a relative of the victim, or the victim was otherwise in the custody, care, or supervisory control of the defendant when the offense was committed.   For this reason, two (2) levels should be added under U.S.S.G. §2G2.1(b)(5).

F.    The parties agree that the defendant knew or should have known that Boy 2, the victim in the New Jersey offense, was a vulnerable victim at the time of the offense.   For this reason, two (2) levels should be added under U.S.S.G. §3A1.1(b).

G.    Based upon these stipulations, the New Jersey case carries a total offense level of forty-four (44).

29    <u>Grouping of Offenses and Multiple Count Rules</u>

A.    The parties agree that the offenses in the <u>Powell</u> case and the New Jersey case should <u>not</u> be grouped under U.S.S.G. §3D1.2(d). Therefore, two (2) grouping units are assigned for these cases under U.S.S.G. §§3D1.3 and 3D1.4.   This results in a two (2) level increase in the offense having the higher total offense level, that being, the New Jersey case.

B.    The parties agree that the offenses in the <u>Edwards</u> case and the <u>Powell</u> case should be grouped under U.S.S.G. § 3D1.2(a) and (b). Therefore, no additional grouping units are assigned for the <u>Edwards</u> case.

C.    Based upon these stipulations, all three cases carry a combined total offense level of forty-six (46) based upon Chapters Two and Three of the Sentencing Guidelines.

30    <u>Chapter Four Enhancements and Total Adjusted Offense Level</u>

A.    The parties agree that the defendant engaged in a pattern of sexual exploitation of minors (Boy1 and Boy 2).   Therefore, U.S.S.G. §4B1.5(b) applies to these offenses and five (5) additional levels are added.

B.    Based upon these stipulations, the total adjusted offense level for all three cases is fifty-one (51).

31.   <u>Acceptance of Responsibility and Cooperation</u>

A.    The government recognizes that the defendant has agreed to admit his involvement in these criminal offenses.   Because he timely agreed to plead guilty, the government hereby notifies the Court that it has not had to prepare his case for trial.   If this Court finds that the defendant has continued to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct through the remaining phases of this case, including meetings with the United States Probation Office, the change of plea hearing, and the sentencing hearing, then the government agrees that he is entitled to a three (3) level reduction, pursuant to U.S.S.G. §3E1.1(a) and (b).

B.    Based upon these stipulations, the resulting total offense level is forty-eight (48), prior to any reduction under U.S.S.G. §5K1.1.   If the Court grants a sentencing departure of up to six (6) levels under U.S.S.G. §5K1.1 as contemplated above in Paragraph 20, then the resulting total offense level could be reduced to level forty-two (42).   However, the defendant understands and agrees that the Court, not the government, would determine whether to grant such a departure and the extent of the departure.

25.    **Final Agreement**:   The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty.   This document is the complete and only plea agreement between the defendant and the United States Attorneys for the Southern District of Indiana and the District of the New Jersey.   It is binding only on the parties to this agreement, supersedes all prior understandings other than those exempted by this Plea Agreement, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney
Southern District of Indiana

2-18-14
DATE

Steven DeBrota
Senior Litigation Counsel

2.18.14
DATE

A. Brant Cook
Assistant U.S. Attorney

2-18-2014
DATE

Josh Minkler
First Assistant United States Attorney

PAUL J. FISHMAN
United States Attorney
District of New Jersey

_____
DATE

Shirley U. Emeheлu
Assistant U.S. Attorney

_____
DATE

Gurbir S. Grewal
Unit Chief, Criminal Division (DNJ)

2/10/14
DATE

JOHN REX POWELL
Defendant

2/10/14
DATE

Kathleen M. Sweeney
Attorney for Defendant

2/10/14
DATE

Charles Hayes
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

22

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.   If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.   I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then the Court may increase my sentence.

2/10/12
DATE

JOHN REX POWELL
Defendant